■ In the Matter of PETER PEREZ, Respondent, v THOMAS COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Quinn, J.), entered April 8, 1981 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to declare that his transfer to Clinton Prison was arbitrary, capricious and inhumane, and directed respondent to transfer petitioner to a prison facility in proximity to Yonkers, New York. Petitioner, while serving a sentence at Auburn Correctional Facility, sought a hardship transfer to a facility near Yonkers in order to facilitate visits by his closest living relative, his sister, who was suffering from cancer. In August, 1980, petitioner was transferred to Eastern Correctional Facility at Napanoch and thereafter a request for transfer to Ossining was denied. In December, 1980, petitioner's alternate request for transfer to Green Haven Correctional Facility was granted. Two weeks later, however, he was again transferred, this time to Clinton Correctional Facility at Dannemora, where, after denial of any explanation, he slashed his throat and wrists. This proceeding ensued. In his answer, respondent alleged his ability to transfer or refuse to transfer inmates for any reason or for no reason pursuant to authority of section 23 of the Correction Law. Respondent has appealed from the judgment of Special Term which held that the transfer to Clinton Correctional Facility was arbitrary and capricious and directed that petitioner be transferred to a prison near Yonkers. It appears that on June 18, 1981, in apparent compliance with the subject judgment, petitioner was transferred to Ossining Correctional Facility. Thereafter, on August 21, 1981, because he violated facility rules on two occasions, he was retransferred to Clinton, then to Attica, and finally to Auburn where he is presently incarcerated. The preliminary issue to be decided is whether petitioner's most recent transfer from Ossining renders the appeal moot. In its determination, Special Term did not challenge respondent's recognized authority to transfer inmates from one facility to another. Rather, the decision was premised on the specific factual pattern here present, more particularly, respondent's initial confirmation of hardship, followed by a contrary and unexplained transfer to Clinton. In our view, since petitioner has been retransferred to the facility at Auburn, a transfer he concedes was neither arbitrary nor capricious, dismissal on the ground of mootness is appropriate, particularly since Special Term's determination is addressed to the specific situation at hand and does not present a recurring issue of public interest which otherwise would escape appellate review (see *People ex rel. Rodriguez v LeFevre,* 84 AD2d 661; *Matter of Cummings v LeFevre,* 76 AD2d 974). Appeal dismissed, as moot, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.