■ In the Matter of BURNELL HENDRICKS, Appellant, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Vogt, J.), entered January 12, 1982 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondent's determination denying restoration to his inmate job assignment. Petitioner was serving a 7½ to 15-year sentence at Green Haven Correctional

---

Facility where he had been assigned to work in the hospital clinic. Following discovery of contraband weapons in the clinic, all inmates working therein were placed in keeplock and misbehavior reports were filed against them. Petitioner's report did not charge him with a violation, stating instead "hold for investigation". An adjustment committee hearing was held which resulted in a report finding that he did not commit any violation and he was released from keeplock. However, the number of inmates assigned to work in the clinic was reduced from 16 to 6 and petitioner's work assignment was abolished. Subsequent to the commencement of this proceeding, petitioner was transferred to Eastern New York Correctional Facility. Special Term dismissed the petition as moot because petitioner had been transferred from the facility where the acts complained of occurred. Initially, we note that there was no report or determination of misbehavior by petitioner and, therefore, there can be no annulment of the report. The only issue remaining is whether an order may be made restoring petitioner to his work assignment. Since he had been transferred to another facility he can no longer be restored to that work assignment. Accordingly, the issue is moot and the petition was properly dismissed (*Matter of Perez v Coughlin,* 89 AD2d 628; *People ex rel. Rodriguez v LeFevre,* 84 AD2d 661; *Matter of Cummings v LeFevre,* 76 AD2d 974). Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.