■ In the Matter of CLYDE COLLINS, JR., Petitioner, v RAMON RODRIGUEZ, as Chairman of the New York State Division of Parole, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Tompkins County) to review a determination of the State Board of Parole which found probable cause to hold petitioner for a final parole revocation hearing.

Petitioner was released on parole on October 22, 1986 after serving approximately 11 years of two 7-to-15-year indeterminate sentences imposed in 1975. Among the conditions of his release, petitioner was required to immediately report any contact with or arrest by any law enforcement agency, and to report to his parole officer as specified. On January 31, 1987, petitioner was admittedly involved in two incidents with the Ithaca City Police Department and apparently arrested for certain traffic violations. Petitioner's next appointment with his parole officer was scheduled for February 3, 1987 but he failed to appear. On February 6, 1987, petitioner was arrested on a parole violation warrant. Following a preliminary parole revocation hearing, a Hearing Officer found probable cause to believe that petitioner violated both of the parole release conditions previously noted *(see,* Executive Law § 259-i [3] [c]).

Petitioner commenced a CPLR article 78 proceeding to review this determination, which was subsequently transferred to this court. After submission of the briefs, by letter dated December 22, 1987, the Attorney-General notified this court that a final parole revocation hearing had been held and, by decision dated November 24, 1987, petitioner's parole was revoked. Accordingly, respondent requests that the pending proceeding be dismissed as moot. Petitioner, on the other hand, urges this court to retain the proceeding because "the same illegal and insufficient evidence was utilized and relied upon by the Board of Parole in rendering its determination".

Since the Board of Parole has found that petitioner's actions violated several of the release conditions of his parole, this proceeding has become moot and must be dismissed *(see, Matter of Mullins v State Bd. of Parole,* 35 NY2d 992; *Matter of Perez v Coughlin,* 89 AD2d 628). The issue of whether the alleged acts provided probable cause to support the Hearing Officer's determination at the preliminary parole revocation hearing has been subsumed by revocation of petitioner's parole. Petitioner may now seek review of the propriety of parole revocation by way of appeal from that determination *(see,* Executive Law § 259-i). We do not believe the issue

presented warrants an exception to the mootness doctrine *(see, Matter of Hearst v Clyne,* 50 NY2d 707).

Petition dismissed, as moot, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.