■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARVIN FREEMAN, Appellant, v WARDEN OF ANNA M. KROSS CENTER et

al., Respondents. [617 NYS2d 729] —Judgment (denominated an order), Supreme Court, Bronx County (Dorothy Chin Brandt, J.), entered on or about March 1, 1994, dismissing petitioner's writ of habeas corpus, unanimously affirmed, without costs.

Petitioner contends that he was denied his right to a timely final parole revocation hearing in New York because a hearing was not held within 90 days from the day he waived his right to be present threat while in prison in South Carolina for conviction of other crimes. Executive Law § 259-o (4) provides that "[w]henever a preliminary violation hearing is conducted in another state pursuant to this section, the alleged violator must be afforded a final hearing within ninety days from the date of his return to this state." This statute has been interpreted to mean that "*all* New York parole violators who had been released to other States pursuant to Executive Law § 259-m [as is the case here], and who were later incarcerated in such States, would not be entitled to final parole revocation hearings until within 90 days after their return to New York," rather than from the date of any preliminary hearing *(People ex rel. Corby v Sullivan,* 138 AD2d 432, 434). Since respondent was chargeable with less than 90 days from the time petitioner was returned to New York on a warrant, petitioner was not denied a timely hearing. Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.