■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WARREN MCCUMMINGS, Appellant, v GENO DEANGELO, as Sheriff of Broome County, Respondent. [686 NYS2d 189] —Appeal from a judgment of the Supreme Court (Mathews, J.), entered August 20, 1997 in Broome County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

In 1996, petitioner, a prison inmate, was released on parole and allowed to live in South Carolina with that State supervising his New York parole pursuant to the interstate compact on parole supervision (*see,* Executive Law § 259-m). Upon, *inter alia*, petitioner's conviction and sentence for shoplifting in South Carolina, a New York parole warrant was filed which requested South Carolina to hold a preliminary revocation hearing (*see,* Executive Law § 259-o). Although the record indicates that petitioner waived his right to a preliminary hearing, a hearing was nevertheless held and, upon a finding of probable cause, petitioner was returned to New York. Petitioner seeks habeas corpus relief on the basis that South Carolina failed to comply with the notice of parole violations and preliminary hearing time limits set forth in Executive Law § 259-i. Supreme Court dismissed the petition on the merits and, following a final parole revocation hearing, a final decision was issued finding petitioner guilty of violating parole release. This appeal followed.

Petitioner's challenge to the preliminary parole revocation hearing has been rendered moot by the final parole revocation determination (*see, People ex rel. Chavis v McCoy*, 236 AD2d

892) since these issues have "been subsumed by [the] revocation of petitioner's parole" (*Matter of Collins v Rodriguez*, 138 AD2d 809). As a result, petitioner's remedy would be a challenge to the final parole revocation determination (*see, id.*). Notably, it is well settled that habeas corpus relief is inappropriate where claimed errors could be remedied by means of an appeal from a final determination (*see, People ex rel. Scott v Babbie*, 248 AD2d 909, 910, *lv denied* 92 NY2d 803; *see, e.g., Matter of Gonzales v New York State Bd. of Parole*, 193 AD2d 356). Therefore, we need not address the merits of petitioner's claims.

Cardona, P. J., Mikoll, Mercure, Peters and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.