■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT WAGNER, Appellant, v BRION D. TRAVIS, as Commissioner of New York State Division of Parole, et al., Respondents. [710 NYS2d 271] —Appeal unanimously dismissed without costs. Memorandum: The contention of relator that he was denied his right to counsel at the preliminary parole revocation hearing was rendered moot by the determination revoking his parole following the final parole revocation hearing (*see, People ex rel.*

*McCummings v De Angelo,* 259 AD2d 794, 794-795, *lv denied* 93 NY2d 810; *People ex rel. Chavis v McCoy,* 236 AD2d 892). In any event, although parolees may have counsel present at the preliminary hearing, there is no statutory right to counsel at that stage of parole revocation proceedings, "and there is nothing in the record to suggest that this is one of the small minority of cases in which 'fundamental fairness—the touchstone of due process—will compel the assistance of counsel'" (*People ex rel. Clanton v Smith,* 105 AD2d 1123, *lv denied* 64 NY2d 606, quoting *People ex rel. Calloway v Skinner,* 33 NY2d 23, 31; *see also, People ex rel. Stewart v Foreman,* 123 AD2d 524; 9 NYCRR 8005.5 [a]). (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Habeas Corpus.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.