■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RONALD McIVER, Appellant, v TIMOTHY MURRAY, as Superintendent of Groveland Correctional Facility, et al., Respondents. [713 NYS2d

587] —Judgment unanimously affirmed without costs. Memorandum: In 1995 relator, an inmate at a New York correctional facility, was conditionally released on parole and allowed to reside in the state of Georgia. His New York parole was to be supervised by Georgia pursuant to the interstate compact on parole supervision (Executive Law § 259-m). In February 1997, his Georgia parole officer prepared a delinquent report detailing numerous violations of the law by relator and his absconding from parole supervision. Thereafter, the New York State Division of Parole issued a warrant for relator's arrest and requested that Georgia conduct a probable cause hearing. On June 23, 1997, the Georgia State Board of Pardons and Paroles served relator with a notice of preliminary hearing and violations. Three days later, a preliminary hearing was held in Georgia, and the hearing officer found probable cause to believe that relator had violated the conditions of his parole. On October 14, 1997, relator was released to the custody of New York parole authorities and was served with a New York notice of violation. A final parole revocation hearing was scheduled for December 2, 1997. At the final hearing, relator pleaded guilty with an explanation, and the hearing officer accepted the plea. Relator commenced this habeas corpus proceeding, contending that the notice of parole violation and preliminary and final parole revocation hearings did not comply with the time limitations set forth in Executive Law § 259-i. Supreme Court properly dismissed the petition.

The challenge by relator to the preliminary parole revocation hearing has been rendered moot by the determination revoking his parole following the final parole revocation hearing (*see, People ex rel. Wagner v Travis*, 273 AD2d 849; *People ex rel. McCummings v De Angelo*, 259 AD2d 794, 794-795, *lv denied* 93 NY2d 810; *People ex rel. Chavis v McCoy*, 236 AD2d 892). In any event, Executive Law § 259-o, which sets forth the procedures to be used when an out-of-state parolee is violated on his release in the receiving state, does not specify any time period for giving notice of, or for holding, a preliminary parole violation hearing in the receiving state (*see,* Executive Law § 259-o [4]).

There is likewise no merit to relator's contention that the final parole revocation hearing was untimely. The record establishes that the final revocation hearing was held within 90 days from the date of relator's return to New York (*see,* Executive Law § 259-o [4]; *People ex rel. Freeman v Warden*, 208 AD2d 478, 479). (Appeal from Judgment of Supreme Court, Livingston County, Cicoria, J.—Habeas Corpus.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.