■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMEL BELL, Appellant, v RALPH SANTOR, as Superintendent of Chateaugay Correctional Facility, Respondent. [801 NYS2d 101]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered November 1, 2004 in Franklin County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In July 2002, petitioner was released on parole and allowed to live in South Carolina with that state supervising his New York parole pursuant to the Interstate Compact for Out-of-State Parole Supervision (see Executive Law § 259-m). In September 2003, petitioner was taken into custody in South Carolina pursuant to a New York parole violation warrant and a preliminary parole revocation hearing was held. Probable cause to believe that petitioner had violated the conditions of his parole having been found, petitioner was returned to New York where his parole release was revoked following a final parole revocation hearing.

Petitioner commenced this CPLR article 70 proceeding seeking habeas corpus relief on the basis that, in violation of Executive Law § 259-i, South Carolina failed to provide him with timely notice of the violation and failed to timely hold a preliminary parole revocation hearing. Supreme Court dismissed the petition without issuing an order to show cause or writ of habeas corpus. Petitioner now appeals.

Initially, we note that petitioner's challenge to the preliminary parole revocation hearing was rendered moot by the final parole revocation determination (*see People ex rel. David v New York State Div. of Parole*, 12 AD3d 963, 964 [2004]; *People ex rel. McCummings v DeAngelo*, 259 AD2d 794, 794-795 [1999], *lv denied* 93 NY2d 810 [1999]; *see also Matter of Collins v Rodriguez*, 138 AD2d 809, 809 [1988]). Petitioner's remedy would be a challenge to the final parole revocation determination (*see People ex rel. McCummings v DeAngelo, supra* at 794). In any event, contrary to petitioner's contention, when an out-of-state parolee violates the conditions of his or her parole in the receiving state, there are no time periods specified for holding a preliminary revocation hearing or for providing the parolee notice of such hearing (*see* Executive Law § 259-*o* [4]; *People ex rel. McIver v Murray*, 275 AD2d 1009, 1010 [2000]).

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.