■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JULIUS McDANIEL, Appellant, v JAMES L. BERBARY, as Superintendent of Collins Correctional Facility, et al., Respondents. [828 NYS2d 741]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Timothy J. Drury, A.J.), granted November 15, 2005. The judgment dismissed the petition for a writ of habeas corpus.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner was released on parole in September 2003 and arrested in California on a parole violation warrant on March 19, 2004. On March 23, 2004, the San Mateo County Sheriff's Office faxed a form to the New York State Division of Parole (Division) indicating that petitioner had waived extradition. Petitioner was returned to New York and a preliminary parole revocation hearing was scheduled for April 5, 2004 and then adjourned to April 9, 2004. After probable cause was found

at the preliminary hearing, petitioner pleaded guilty at the final parole revocation hearing to violating the release conditions of his parole. Petitioner commenced this habeas corpus proceeding contending that the preliminary parole revocation hearing was not held within 15 days of the execution of the warrant. That contention has been rendered moot by the determination revoking petitioner's parole following the final parole revocation hearing (*see People ex rel. Bell v Santor*, 21 AD3d 1192, 1193 [2005]; *People ex rel. McIver v Murray*, 275 AD2d 1009, 1010 [2000]). In any event, petitioner's contention is without merit. Where, as here, an alleged parole violator under parole supervision in New York State is detained in another state pursuant to a parole violation warrant, "the warrant will not be deemed to be executed until the alleged violator is detained exclusively on the basis of such warrant and the [Division] has received notification that the alleged violator (A) has formally waived extradition to this state or (B) has been ordered extradited to this state pursuant to a judicial determination" (Executive Law § 259-i [3] [a] [iv]). The warrant here was not deemed executed until March 23, 2004, the day the Division received notification that petitioner had waived extradition (*see People ex rel. Aquino v New York State Bd. of Parole*, 250 AD2d 789 [1998]). Present— Hurlbutt, J.P., Smith, Centra and Pine, JJ.