Matter of Bennett v Annucci (2018 NY Slip Op 04319)





Matter of Bennett v Annucci


2018 NY Slip Op 04319


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-07219
 (Index No. 214/16)

[*1]In the Matter of Rahdee Bennett, appellant,
v
Anthony J. Annucci, etc., et al., respondents.


Seymour W. James, Jr., New York, NY (Robert C. Newman of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Ester Murdukhayeva of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination relating to a proceeding to revoke the petitioner's release to postrelease supervision, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Joseph A. Egitto, J.), dated June 3, 2016. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioner was convicted of attempted criminal sexual act in the first degree, and a sentence of imprisonment and a period of postrelease supervision (hereinafter PRS) were imposed. Upon the petitioner's designation for release to PRS, he was placed at a residential treatment facility in Fishkill (hereinafter Fishkill RTF) as a condition of PRS. About three months later, the petitioner was charged with violating a condition of PRS while at Fishkill RTF. After a preliminary hearing, it was determined that probable cause existed to support the alleged violation. Eventually, after a final revocation hearing, the petitioner's release was revoked and a time assessment imposed.
The petitioner commenced this proceeding pursuant to CPLR article 78, asserting that the respondents lacked jurisdiction to revoke his release because, never having actually been released from imprisonment, he was not properly subject to the conditions of PRS at the time of the alleged violation. The petitioner alleged that he was not released from prison, since Fishkill RTF failed to comply with the statutory requirements for residential treatment facilities. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Contrary to the respondents' contention, neither the final determination revoking the petitioner's release due to the subject violation nor the petitioner's admission to the violation rendered academic the petitioner's assertion that the respondents lacked jurisdiction to charge him with that violation in the first instance (cf. People ex rel. McDaniel v Berbary, 35 AD3d 1172; People ex rel. Calvin J. v Bednosky, 245 AD2d 324; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714).
Nevertheless, the petitioner's contention that he could not be charged with a violation [*2]of PRS is without merit. In July 2015, the petitioner was released to PRS, and as a condition of his release, was transferred to Fishkill RTF. Pursuant to Penal Law § 70.45(3), "the board of parole may impose as a condition of post-release supervision that for a period not exceeding six months immediately following release from the underlying term of imprisonment the person be transferred to and participate in the programs of a residential treatment facility." Under these circumstances, regardless of whether Fishkill RTF failed to comply with the statutory requirements for residential treatment facilities as the petitioner contends (see Correction Law § 73; see also Correction Law § 2[6]), he was properly subject to the conditions of PRS and could properly be charged with a violation of those conditions (see generally Executive Law § 259-i[2][b]; [3]). The petitioner has not argued, in this proceeding, that the conduct with which he was charged did not constitute a violation of a condition of PRS. Moreover, since the petitioner was properly subject to the conditions of PRS whether or not the Fishkill RTF met the statutory standards for residential treatment facilities, the question of such statutory compliance need not be resolved in this CPLR article 78 proceeding pertaining to revocation of the petitioner's release to PRS.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the petition was properly denied on the merits, and the proceeding was properly dismissed.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court