◾ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDMON ARCHER, Appellant, v WARDEN OF RIKERS ISLAND CORRECTIONAL FACILITY et al., Respondents.—Judgment of the Supreme Court, Bronx County (Burton G. Hecht, J.), entered on August 25, 1989, dismissing this petition for a writ of habeas corpus, is unanimously affirmed, without costs or disbursements.

In this petition for a writ of habeas corpus, petitioner contended that he was not afforded a timely parole revocation hearing.

On January 10, 1985, petitioner was sentenced to a term of 1½ to 3 years for attempted grand larceny in the second degree. Petitioner was paroled on March 31, 1987. While on parole, petitioner was arrested on October 6, 1987 for committing another crime. On December 4, 1987, the Division of Parole issued a warrant for petitioner's arrest. On December 22, 1987, petitioner absconded from supervision.

On August 4, 1988, petitioner was arrested for committing another crime. On August 16, 1988, a parole violation warrant was lodged against petitioner and he waived his right to a preliminary hearing. A final revocation hearing was scheduled for October 3, 1988. It was adjourned by the Division of Parole to November 3, 1988. However, on October 11, 1988, petitioner was erroneously released by the Department of Correction.

On May 20, 1989, petitioner was rearrested for committing another crime. On May 22, 1989, a parole violation warrant was reexecuted against petitioner. Petitioner waived his right to a preliminary hearing. The record is unclear as to whether a final revocation hearing was held on June 29, 1989 or July 27, 1989. "Revocation hearings shall be scheduled to be held within ninety days of the probable cause determination. However, if an alleged violator requests and receives any postponement of his revocation hearing, or consents to a postponed revocation proceeding initiated by the board, or if an alleged

violator, by his actions otherwise precludes the prompt conduct of such proceedings, the time limit may be extended." (Executive Law § 259-i [3] [f] [i].) When a hearing has not been held within 90 days, the Division of Parole bears the burden of proving that the delay was due to one of the statutory exceptions or that petitioner was not subject to the practical control of the Division of Parole *(People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391).

Petitioner contends respondent failed to meet its burden as to any of the initial charges with respect to which petitioner waived a preliminary hearing on August 16, 1988. However, additional charges were made against petitioner and he waived a preliminary hearing as to them on May 22, 1989. These additional charges furnished the basis to revoke his parole. The petitioner was given a final revocation hearing, therefore, within the statutory 90-day period. Concur—Ross, J. P., Carro, Asch and Rubin, JJ.