■ In the Matter of MICHAEL HIRNIAK, Appellant, v SHERIFF OF DUTCHESS COUNTY et al., Respondents.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Amodeo, J.), dated October 13, 1989, which denied, after a hearing, the petitioner's application to be restored to parole, and, in effect, dismissed the proceeding.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, the proceeding is converted into a proceeding pursuant to CPLR article 78, the parole violation warrant is vacated, and the parole violation charges are dismissed.

On May 5, 1989, the petitioner was arrested while on parole and was detained thereafter in the Dutchess County Jail on both the new criminal charges and on a parole violation warrant. A probable cause determination was made *(see,* Executive Law § 259-i [3] [c] [i], [iv], [viii]) on May 18, 1989, and a final parole revocation hearing was scheduled at the jail for July 13, 1989, at 9:30 A.M. Nine other hearings were also scheduled for that day at the jail.

The petitioner's counsel did not appear at 9:30 A.M. and, before the next hearing convened at 10:00 A.M., the petitioner's hearing was adjourned to August 17, 1989, the ninety-first day after the probable cause determination. Counsel, who evidently had been detained by traffic and road construction, arrived at the jail at approximately 10:15 A.M. on July 13, 1989, but the Administrative Law Judge refused to recall the case, denied the counsel's motion to dismiss, evidently refused to schedule the final revocation hearing for a date earlier than August 17, 1989, and ruled that the adjournment was chargeable to the petitioner for purposes of calculating whether the

New York State Division of Parole (hereinafter the Division) afforded the petitioner a final parole revocation hearing within 90 days of the probable cause determination, as required by Executive Law § 259-i (3) (f) (i).

Similar rulings were made on August 17, 1989, when counsel again appeared at the jail, at which time the final parole revocation hearing was adjourned to September 6, 1989, then September 14, 1989 and, finally, to September 19, 1989, each time at the request of the Division, which thus concedes that 89 days are chargeable to it. However, before the later adjourned dates, the petitioner brought the instant proceeding, alleging that the Division's failure to timely afford him a final parole revocation hearing mandated his restoration to parole. The Division acknowledged in opposition (see, CPLR 7008 [a]) that parole revocation hearings are regularly conducted at the Dutchess County Jail twice a month, but, at the hearing on the writ (see, CPLR 7009), it offered no justification for the failure to reschedule a final parole revocation hearing for a date earlier than August 17, 1989. Moreover, although there is a suggestion that State witnesses could not or did not want to wait beyond 10:00 A.M. on July 13, 1989, the Division offered no explanation as to why the petitioner's case could not be moved to the end of the July 13, 1989, calendar or otherwise heard on that day.

The Division has failed on this sparse record to sustain its burden (see, People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391; see also, People ex rel. Archer v Warden, 159 AD2d 386, 387) of demonstrating that delay beyond the statutory 90-day period is attributable to one of the exceptions found in Executive Law § 259-i (3) (f) (i) (see also, 9 NYCRR 8005.17 [c] [3]). The petitioner, who was throughout these proceedings subject to the Division's practical control (see, People ex rel. Brown v New York State Div. of Parole, supra, at 398-399), neither requested nor consented to an adjournment of the final revocation hearing from July 13, 1989, and the Division does not attempt to explain how the petitioner's counsel's late arrival precluded prompt conduct of the proceedings on the originally-scheduled date. Moreover, even if being unavoidably detained for less than an hour were to constitute an action which precluded a prompt conduct of the hearing (see, 9 NYCRR 8005.17 [c] [3]) the delay resulting from that action was here so slight that it did not justify rescheduling the hearing beyond the 90-day period unless the Division advanced a reason for doing otherwise.

Since no justification for the failure to hold the hearing

before the August 17, 1989, adjourned date appears in the record, most, if not all, of the 35 days between July 13, 1989 and August 17, 1989, is chargeable to the Division. Inasmuch as the Division concedes it is chargeable with an additional 89 days, it is thus clear that the petitioner was not afforded a timely final revocation hearing. However, the record before us demonstrates that habeas corpus relief is not available to the petitioner, because he was also being held on unrelated charges. We accordingly convert this proceeding into a proceeding brought pursuant to CPLR article 78 *(see,* CPLR 103), vacate the parole violation warrant, and dismiss the parole violation charges. Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.