■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HASSAN SHABAZZ, Appellant, v ANTHONY J. LAVEGLIA, as Warden of Otis Bantum Correctional Center, Respondent.

Petitioner was convicted of robbery in the first degree and sentenced to a term of imprisonment of from six to twelve years. On January 23, 1990, he was paroled but he was thereafter declared delinquent for, in part, the alleged use of a controlled substance. A final parole revocation hearing was held on June 7, 1990. Three of the six charges were withdrawn, and petitioner pleaded guilty to the other three with an explanation. In that regard, although he admitted that he had not reported to his parole officer and had failed to keep an appointment with a substance abuse counselor on March 21, 1990, he claimed that he had been too ill to do so. He also contended that he had not refused to provide a urine sample on March 29, 1990 since his medications had dehydrated him, rendering him unable to urinate at will. A parole officer stated in response that petitioner had not indicated that he could not urinate but had declined to try and, moreover, had refused to furnish a urine specimen on four separate occasions when he had reported to the parole officer. The Supreme Court dismissed petitioner's subsequent writ of habeas corpus challenging his revocation of parole, and he has appealed.

Testimony at the parole revocation hearing revealed that petitioner suffers from AIDS, ulcers and epilepsy for which he takes A.Z.T., Zantac and Phenobarbital, respectively. According to petitioner, he was too ill to make his scheduled visits.

He had a high fever, was vomiting severely and could not eat for four to five days. In addition, his medication causes severe dehydration, which makes it impossible for him to urinate on demand. It should also be noted that while petitioner has expressed himself agreeable to going to a transitional facility, respondent asserts that the Division of Parole attempted to place him in such a program but that petitioner's admission was refused due to his medical problems, prior parole violations and supposed assault upon a correction officer during his incarceration. In the alternative, petitioner proposes that he either be permitted to return to his apartment or reside with his wife.

Notwithstanding that a parole revocation hearing is in the nature of an administrative proceeding *(People ex rel. Maggio v Casscles,* 28 NY2d 415) so that the Parole Board has wide latitude in reaching its determination, a parole revocation must be supported by substantial violations and not simply technical ones *(People ex rel. Maggio v Casscles, supra).* At the hearing, petitioner described his extremely precarious physical condition, his medications and his inability to furnish urine samples at will. A parole officer, on the other hand, simply testified that petitioner "refused" to provide the specimens. Although the agency is entitled to assess the weight of the evidence and the credibility of witnesses *(Matter of Berenhaus v Ward,* 70 NY2d 436; *People ex rel. Lee v New York State Dept. of Correction,* 163 AD2d 883), and a conflict between petitioner and the parole officer would not ordinarily be a basis for rejecting the decision by the Parole Board, this court is still obliged to review the record in its entirety to ascertain whether the determination was supported by the evidence *(see, People v Bleakley,* 69 NY2d 490). Under the circumstances herein, the parole officer's statement that petitioner did not even try to give urine samples is scarcely sufficient proof of an affirmative violation by petitioner of his parole in view of the uncontradicted evidence of his severe illness and its attendant consequences. Indeed, the record demonstrates that petitioner did not appear for scheduled appointments and provide urine samples because of his physical infirmity, and the parole revocation is, therefore, unsupported and unjustified. Concur—Murphy, P. J., Sullivan, Milonas, Ellerin and Smith, JJ.