■ The People of the State of New York ex rel., Ricardo Portee, Respondent, v New York State Division of Parole et al., Appellant, et al., Respondent. [608 NYS2d 110] —In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Kings County (Rappaport, J.), entered December 17, 1992, which, after a hearing, discharged the petitioner and vacated his parole violation warrant.

Ordered that the order is reversed, on the law, without costs or disbursements, the proceeding is dismissed, and the warrant is reinstated.

Initially, we note that the conflicting assertions contained in the parties' briefs regarding the status of a subsequent parole revocation proceeding against the petitioner make it impossible to determine whether this appeal is academic.

"When reviewing a determination of the Parole Board to revoke parole, a court may only 'examine the record to determine if the required procedural rules were followed and if there is any evidence which, if believed, would support the Parole Board's determination, but the court may not make its own determinations based on its assessment of the credibility of the witnesses' " *(People ex rel. Lee v New York State Dept. of Correction,* 163 AD2d 883, quoting *People ex rel. Walker v Hammock,* 78 AD2d 369, 371; *see also, People ex rel. Shabazz v LaVeglia,* 179 AD2d 498, 499).

We find that there is substantial evidence in the record to support the Division of Parole's determination that the petitioner, by his own actions, was responsible for his failure to comply with the special condition of his parole. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.