██ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT KINZER, Appellant, v MELVIN WILLIAMS, as Superintendent of Gowanda Correctional Facility, et al., Respondents. [684 NYS2d 91] —Judgment unanimously affirmed without costs. Memorandum: Relator was not deprived of his due process rights when, at the final parole revocation hearing, the Hearing Officer heard proof and revoked relator's parole based on two charges that did not result initially in a declaration of delinquency and were not the basis for the finding of probable cause at the preliminary parole revocation hearing. Relator was informed that those charges could be presented at the final hearing, and the Hearing Officer was not precluded from considering those charges or revoking relator's parole based on them (*see,* Executive Law § 259-i [3] [f] [vi], [viii]).

The testimony of the witnesses called by the Division of Parole, if believed, is sufficient to support the Parole Board's determination that relator violated two conditions of his parole, and thus Supreme Court properly dismissed the petition (*see, Matter of Zientek v Herbert,* 199 AD2d 1075, 1076). Finally, habeas corpus relief is not available with respect to the contention of relator that he was denied effective assistance of counsel because that contention, even if meritorious, would not entitle relator to immediate release (*see generally, People ex rel. Joyce v New York State Div. of Parole,* 249 AD2d 638). In any event, even if relator's counsel could have predicted relator's subsequent acquittal on the criminal charges, the Parole Board would not have been collaterally estopped from revoking

relator's parole. The burden of proof on the Division of Parole at a parole revocation hearing is to prove a violation of one or more conditions of parole by a preponderance of the evidence, while the burden of proof on the People at a criminal trial is to prove the crimes charged beyond a reasonable doubt (*see, People ex rel. Matthews v New York State Div. of Parole,* 58 NY2d 196, 202-203). (Appeal from Judgment of Supreme Court, Erie County, Pigott, Jr., J.—Habeas Corpus.) Present—Green, J. P., Pine, Wisner, Callahan and Boehm, JJ.