■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEFFREY SANTORO, Appellant, v MELVIN HOLLINS, as Superintendent of Oneida Correctional Facility, Respondent. [710 NYS2d 268] —Judgment unanimously affirmed without costs. Memorandum: We reject the contention of petitioner that he is entitled to habeas corpus relief because he did not receive effective assistance of counsel at his final parole revocation hearing. Such relief is not available because petitioner would not be entitled to immediate release from custody if there were merit to his contention that his counsel's advice to plead guilty to a parole violation constituted ineffective assistance (*see, People ex rel. Douglas v Vincent*, 50 NY2d 901, 903; *People ex rel. Davila v Herbert*, 258 AD2d 921; *People ex rel. Kinzer v Williams*, 256 AD2d 1240).

We further reject the contention of petitioner that the retroactive application of the 1997 amendments to 9 NYCRR 8005.20 (c) violates the constitutional prohibition against ex post facto laws (*see, People ex rel. Alsaifullah v New York State Div. of Parole*, 269 AD2d 550; *People ex rel. Tyler v Travis*, 269 AD2d 636; *People ex rel. Johnson v Russi*, 258 AD2d 346, 347, *appeal dismissed and lv denied* 93 NY2d 945).

We have reviewed petitioner's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Oneida County, Murad, J.—Habeas Corpus.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.