THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD J. KORN, on Behalf of VERNON JONES, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant, et al., Respondent. [710 NYS2d 124] —In a habeas corpus proceeding, the appeal is from an order of the Supreme Court, Kings County (Lewis, J.), dated April 26, 1999, which sustained a writ of habeas corpus, vacated parole violation detainer warrant No. 228501, and, in effect, restored the petitioner to parole supervision under the prevailing terms and conditions.

Ordered that the notice of appeal from a decision dated April 7, 1999, is deemed a premature notice of appeal from the order dated April 26, 1999 (*see,* CPLR 5520 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the proceeding is dismissed, and parole violation detainer warrant No. 228501 is reinstated.

A parole revocation hearing is in the nature of an administrative proceeding to determine whether a parolee has violated the conditions of his parole (*see, People ex rel. Piccarillo v New York State Bd. of Parole,* 48 NY2d 76, 80; *People ex rel. Maggio v Casscles,* 28 NY2d 415, 418). The preliminary hearing is

intended to be informal and summary in nature, with only a "minimal inquiry" necessary to determine whether there is probable cause or reasonable ground to believe that the parolee has committed acts which would constitute a violation of a parole condition (*see, People ex rel. Calloway v Skinner,* 33 NY2d 23, 31). An admitted or unexplained substantial violation of a condition of parole is adequate to support a revocation (*see, People ex rel. Maggio v Casscles, supra,* 28 NY2d, at 418).

The record supports a finding of probable cause that the petitioner violated a substantial condition of his parole. As a condition of parole, the petitioner agreed to be at his residence between the hours of 9:00 P.M. and 7:00 A.M. The petitioner's parole officer testified at the hearing that he had given the petitioner permission to leave his residence before 7:00 A.M. to attend religious services but that this permission was rescinded after about a week.

Even assuming, as the petitioner contends, that his parole officer never rescinded permission for him to leave his residence before 7:00 A.M., he failed to adequately explain why he was not at his residence at 2:30 A.M. on April 14, 1998. The dawn services on that morning began at 4:10 A.M., and by the petitioner's own admission, it only took 20 to 30 minutes to get to the mosque from his residence. Accordingly, there were reasonable grounds to support the parole revocation. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.