■ In the Matter of MICHAEL MATTHEWS, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [714 NYS2d 118] —In a habeas corpus proceeding, the petitioner appeals from an order of the Supreme Court, Westchester County (West, J.), entered May 10, 1999, which denied the writ and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

On November 18, 1983, the petitioner was convicted of robbery and sentenced to an indeterminate term of 5 to 15 years imprisonment. On January 22, 1991, he was paroled. On February 6, 1992, while on parole, the petitioner was arrested on a Federal bank robbery charge. On March 1, 1993, the petitioner was convicted in Federal court and sentenced to 135 months imprisonment.

On November 15, 1993, the New York State Division of Parole filed a parole violation warrant against the petitioner while he was serving the Federal sentence. On September 8, 1997, the petitioner was released from Federal custody and shortly thereafter was taken into custody by the Division of Parole. In 1998, following a final parole revocation hearing, the petitioner's parole was revoked.

The petitioner contends that the determination revoking his State parole in 1998 was improperly based upon the current and less lenient version of 9 NYCRR 8005.20 (c), effective January 27, 1997, and that this constitutes an unconstitutional ex post facto penalty. We disagree.

Initially, the record demonstrates that the determination

revoking the petitioner's parole was not made pursuant to the current version of the regulation. In any event, even had the determination been made pursuant to the current version of the regulation, that would not constitute an impermissible ex post facto penalty (*see, People ex rel. Santoro v Hollins,* 273 AD2d 829; *People ex rel. Alsaifullah v New York State Div. of Parole,* 269 AD2d 550; *People ex rel. Tyler v Travis,* 269 AD2d 636; *People ex rel. Kelly v New York State Div. of Parole,* 264 AD2d 361; *People ex rel. Johnson v Russi,* 258 AD2d 346).

The petitioner's remaining contentions are unpreserved for appellate review. Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.