■ In the Matter of KENNETH W. COURTNEY, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [724 NYS2d 787] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Following a final parole revocation hearing, petitioner's parole was revoked based upon a finding that he violated a condition thereof by punching his girlfriend in the face and striking her with a baseball bat. Petitioner commenced this determination seeking to annul the determination. We confirm.

"[A] determination to revoke parole will be confirmed if the procedural requirements were followed and there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992, *lv dismissed* 93 NY2d 886). Moreover, "when reviewing the evidence, this Court may not make its own assessment of the credibility of the witnesses, but instead is limited to examining the record to see if substantial evidence exists to support the finding" (*id.*, at 992; *see, People ex rel. Brazeau v McLaughlin*, 233 AD2d 724, *lv denied* 89 NY2d 810). Here, the testimony of the victim, which was credited by the Administrative Law Judge, constitutes substantial evidence to support the determination that petitioner failed to comply with the conditions of his parole.

Petitioner's remaining arguments, to the extent preserved, have been examined and determined to be without merit.

Cardona, P. J., Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.