as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Wyoming County Court, Griffith, J.—Criminal Possession Marihuana, 2nd Degree.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES WILLIAMS, Appellant, v TIMOTHY MURRAY, as Superintendent of Groveland Correctional Facility, Respondent. [726 NYS2d 890] —Judgment unanimously affirmed without costs (*see, People ex rel. Vasquez v McCoy,* 280 AD2d 929, *lv dismissed* 96 NY2d 823; *People ex rel. Santoro v Hollins,* 273 AD2d 829). (Appeal from Judgment of Supreme Court, Livingston County, Cicoria, J.—Habeas Corpus.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ AMOS P. KELSEY, Appellant, v A & A METAL FABRICATING, INC., Respondent, et al., Defendant. (Appeal No. 1.) [726 NYS2d 891] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Dismiss Pleading.) Present—Green, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.

■ AMOS P. KELSEY, Appellant, v A & A METAL FABRICATING, INC., Respondent, et al., Defendant. (Appeal No. 2.) [726 NYS2d 532] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied that part of plaintiff's cross motion seeking to dismiss the second counterclaim asserted by defendant A & A Metal Fabricating, Inc. (A & A). Plaintiff, individually and as president of A & A, entered into a stock purchase agreement pursuant to which defendant Warren Industries, Inc. (Warren) would become the sole shareholder of A & A. The agreement also provided that plaintiff would be employed by A & A for three years and would receive certain benefits. A & A terminated plaintiff a few months after the agreement was signed, and plaintiff commenced the instant breach of contract action. A & A alleges in its second counterclaim that plaintiff violated the covenant not to compete contained in the agreement, pursuant to which A & A represented to Warren that plaintiff would not compete with A & A within a 300-mile radius, for a period of three years. Plaintiff contends that any covenant made by A & A to Warren is not binding on him and that, although pursuant to the agreement he was to sign a covenant not to compete at the closing of the agreement, he was never asked to do so.

We conclude that, under the circumstances presented here,