■ In the Matter of JOSEPH MORTON, Petitioner, v STATE OF NEW YORK, DIVISION OF PAROLE, et al., Respondents. [739 NYS2d 218] —Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County) to review a determination of the Board of Parole which revoked petitioner's parole.

After a final parole revocation hearing, petitioner's parole was revoked based upon findings that he violated certain conditions thereof by engaging in sexual intercourse with his wife's young niece. Petitioner challenges the evidentiary basis for the determination and the admission of certain evidence at the hearing. The only claim which requires extended discussion concerns the admission of hospital records regarding the young victim's emergency room visit shortly after the incident. In the absence of the required certification or authentication, the records were not admissible under CPLR 4518 (c) and there was no independent evidence of the foundational requirements for admissibility under CPLR 4518 (a). Nevertheless, assuming that the records are not so patently trustworthy as to be self-authenticating for the purposes of CPLR 4518 (a) (*see, People v Kennedy*, 68 NY2d 569, 577 n 4), formal rules of evidence need not be followed in parole revocation hearings (9 NYCRR 8005.2 [a]). Although the admission of the hearsay evidence impacted on petitioner's right to confront adverse witnesses at his parole revocation hearing, where, as here, the substance of the evidence "is objective factual material compiled under circumstances indicating it to be inherently reliable, no undue burden should be placed on the State by requiring it to produce the declarant" (*People ex rel. McGee v Walters*, 62 NY2d 317, 322).

We also note that the testimony of the victim confirmed both her emergency room visit and the scope of the examination. Accordingly, we see no error in the admission of the hospital records for the purpose of establishing the objective findings of the examination.

Turning to petitioner's challenge to the sufficiency of the evidence, "this Court may not make its own assessment of the credibility of the witnesses, but instead is limited to examining the record to see if substantial evidence exists to support the finding" (*Matter of Layne v New York State Bd. of Parole*, 256 AD2d 990, 992, *lv dismissed* 93 NY2d 886). The testimony of the young victim and the hospital records, which disclosed physical findings consistent with the sexual activity described by the victim, provide the necessary substantial evidence to support the determination of petitioner's guilt. What petitioner describes as inconsistencies in the testimony of the victim and her mother, as well as petitioner's claims that the witnesses had motives to lie, presented credibility issues which are outside this Court's scope of review (*see, id.*). Petitioner's remaining claims have been considered and they have no merit.

Peters, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.