■ In the Matter of KEITH POLADIAN, Petitioner, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [778 NYS2d 232]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner was sentenced to 1½ to 3 years' imprisonment following his conviction of one count of criminal contempt in the first degree. He was released to parole supervision in October 2001. One week later, petitioner allegedly went to the house of an acquaintance and wrote on her door that she was "dead." As a result, petitioner was charged with violating the terms of his parole requiring him to refrain from violating any law, as well as a special condition prohibiting him from having contact with the acquaintance. Following a final parole revocation hearing, an Administrative Law Judge (hereinafter ALJ) found that both terms were violated and, among other things, revoked petitioner's parole. Petitioner commenced this CPLR article 78 proceeding to review the determination.

The acquaintance's testimony that she witnessed petitioner doing something near her door and observed the writing, both of which occurred after the special condition of parole was imposed, provides substantial evidence to support the findings (*see Matter of Layne v New York State Bd. of Parole,* 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]). Petitioner's conflicting version of events, in addition to a question as to when the alleged incident occurred in relation to the issuance of the special parole condition, created credibility issues to be resolved by the ALJ (*see Matter of Courtney v New York State Div. of Parole,* 283 AD2d 707 [2001]).

Petitioner's other arguments also lack merit. A preliminary

hearing is designed to determine if there is probable cause that a parole violation occurred, and the failure of an ALJ to address one of the charges does not preclude it from being raised at the final revocation hearing, particularly given that petitioner had notice that all charges could be raised at the final hearing (see Executive Law § 259-i [3] [c] [iv]; *People ex rel. Kinzer v Williams*, 256 AD2d 1240, 1240 [1998]). Petitioner also argues that various documents which indicated that the alleged incident occurred before the special condition of parole was placed on petitioner should have been allowed into evidence, but any error was harmless given that the ALJ allowed petitioner to inquire of the witnesses about the conflicting dates. We have examined petitioner's other contentions and find them to be without merit.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.