■ In the Matter of LARRY A. BRATTON, Petitioner, v NEW YORK STATE BOARD OF PAROLE, Respondent. [804 NYS2d 138]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's parole.

Petitioner, sentenced to a prison term of 3½ to 7 years upon his conviction of the crime of criminal sale of a controlled substance in the fifth degree, was subsequently released to parole supervision. In July 2003, a notice of violation and warrant for petitioner's arrest were issued based upon his alleged failure to comply with various terms of parole. Following a final revocation hearing, an Administrative Law Judge (hereinafter ALJ) found that petitioner violated his parole by using and possessing cocaine and by failing to truthfully answer his parole officer's inquiry regarding his use of cocaine. The ALJ recommended revocation of petitioner's parole and that he be held for 18 months. This recommendation was administratively upheld by respondent and petitioner commenced this CPLR article 78 proceeding.

Our review of respondent's determination is limited to an examination of the record to ascertain whether there exists substantial evidence to support it (see Matter of Morton v State of N.Y., Div. of Parole, 292 AD2d 696, 697 [2002], lv denied 98 NY2d 606 [2002]; Matter of Layne v New York State Bd. of Parole, 256 AD2d 990, 992 [1998], lv dismissed 93 NY2d 1000 [1999]). Here, the record does contain such evidence (see Matter of Poladian v Travis, 8 AD3d 770, 770 [2004]; Matter of Bellamy v New York State Div. of Parole, 274 AD2d 871, 872 [2000]). Parole Officer Richard Wijkowski testified that petitioner, when asked, denied using cocaine. Wijkowski obtained a urine sample from petitioner and subjected it to three on-site tests, each of which was positive for cocaine. Wijkowski then obtained a laboratory confirmatory test, which also revealed the presence of cocaine. Additionally, the assistant coordinator of petitioner's day treatment program conducted a test of petitioner's urine which also returned positive for cocaine.

Petitioner argues that the results of his urine sample tests should not have been considered because Wijkowski failed to follow the proper procedure for establishing the chain of custody. Contrary to petitioner's contentions, the policy and procedures manual issued by the Division of Parole merely sets forth guidelines for parole officers to follow when testing a urine sample. Such guidelines "are not promulgated pursuant to an express grant of legislative authority and do not have the force of law" (*People ex rel. MacKelvey v New York State Div. of Parole*, 138 AD2d 549, 549 [1988], *lv denied* 72 NY2d 802 [1988] [citation omitted]; *see People ex rel. Lord Organic Allah v New York State Bd. of Parole*, 158 AD2d 328, 329 [1990]). Moreover, minor deficiencies or flaws in the chain of custody, such as the incomplete forms about which petitioner complains, are relevant to the weight of the evidence, not its admissibility (*see Matter of Layne v New York State Bd. of Parole, supra* at 992; *see also People v Mothon*, 284 AD2d 568, 570 [2001], *lv denied* 96 NY2d 865 [2001]; *People v Waite*, 243 AD2d 820, 823 [1997], *lv denied* 91 NY2d 882 [1997]). To the extent that Wijkowski's explanations for the alleged deficiencies in the chain of custody conflicted with petitioner's testimony, credibility issues were created to be resolved by respondent (*see Matter of Poladian v Travis, supra* at 770; *Matter of Austin v Division of Parole*, 278 AD2d 731, 732 [2000]).

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.