■ In the Matter of FURMOND S. BOLDEN, Petitioner, v ROBERT DENNISON, as Chairman of New York State Division of Parole, Respondent. [814 NYS2d 477]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered December 6, 2005) to review a determination of respondent. The determination, after a hearing, revoked petitioner's parole.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination revoking his parole. The determination that petitioner violated the conditions of his parole is supported by substantial evidence (*see Matter of Fuller v Berbary*, 13 AD3d 1152 [2004]; *Matter of Boyd v Travis*, 6 AD3d 1237 [2004]) and, contrary to petitioner's contention, the Administrative Law Judge was entitled to credit the testimony of petitioner's wife over that of petitioner (*see Matter of Poladian v Travis*, 8 AD3d 770 [2004]; *see also Matter of Courtney v New York State Div. of Parole*, 283 AD2d 707 [2001]). Contrary to the further contention of petitioner, the violation of his curfew constitutes a violation of a "substantial condition of his parole" (*People ex rel. Korn v New York State Div. of Parole*, 274 AD2d 439, 440 [2000]; *see People v Felder*, 272 AD2d 884 [2000], *lv denied* 95 NY2d 905 [2000]). Also contrary to the contention of petitioner, he was timely served with the notice of parole violation within the requisite three-day period (*see* Executive Law § 259-i [3] [c] [iii]; 9 NYCRR 8005.3). "Since the three-day period ended on a Sunday, service on the next succeeding business day was timely" (*People ex rel. Frost v Meloni*, 124 AD2d 1032, 1032 [1986], *lv denied* 69 NY2d 606 [1987]). The contention of petitioner that he was denied his right to counsel at the preliminary revocation hearing has been rendered moot by the determination revoking his parole following the final revocation hearing (*see People ex rel. Wagner v Travis*, 273 AD2d 849, 850 [2000]). Finally, we reject petitioner's contention that the hold period of 36 months is excessive (*see generally Matter of Smith v Travis*, 253 AD2d 955 [1998]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Green, JJ.