■ In the Matter of ANTHONY KOVALSKY, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [815 NYS2d 349]—

Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Rensselaer County), to review a determination of the Board of Parole which revoked petitioner's parole.

Petitioner, a risk level III sex offender, was released from prison to parole supervision in July 2003 after serving approximately 10 years of a controlling 5 to 15-year sentence, imposed upon him after his conviction of charges arising from acts of sodomy and sexual abuse of his daughter. In early October 2003, a flyer with petitioner's photograph was distributed by the local school district advising parents and students that petitioner was residing in the area. At approximately 7:00 A.M. on the mornings of October 14 and 15, 2003, an 11-year-old girl was followed, spoken to and chased by a man while she was walking to school. She reported both incidents on October 15, and identified petitioner as the perpetrator of these acts, initially by reference to the flyer, which had been posted on the refrigerator at her home several days earlier. Following a preliminary hearing and a final parole revocation hearing during which the girl and police officers who had interviewed her testified, an administrative law judge sustained the charges that

petitioner had violated certain conditions of his parole, revoked his parole and recommended a time assessment of 36 months. The decision of the administrative law judge was administratively affirmed. Petitioner now seeks judicial review.

It is well established that "a determination to revoke parole will be confirmed if . . . there is evidence which, if credited, would support such determination" (*Matter of Layne v New York State Bd. of Parole,* 256 AD2d 990, 992 [1998], *lv dismissed* 93 NY2d 886 [1999]; *see Matter of Faulkner v New York State Div. of Parole,* 25 AD3d 1047, 1048 [2006]; *Matter of Bratton v New York State Bd. of Parole,* 23 AD3d 879, 879 [2005]; *Matter of Poladian v Travis,* 8 AD3d 770, 770 [2004]). Despite petitioner's contentions that the girl could not have identified him because she never got a close view of the perpetrator, she identified him only as a result of suggestive use of a photograph, he did not possess the clothes she described him as wearing, and he had a reliable alibi, these factual issues were fully explored at the final revocation hearing. In any event, the record in this matter reveals that the young girl identified petitioner clearly and with certainty as the man who chased her on both mornings. As it is within the province of the Board to resolve issues of credibility (*see Matter of Faulkner v New York State Div. of Parole, supra; Matter of Bratton v New York State Bd. of Parole, supra; Matter of Poladian v Travis, supra*), and to determine the relative weight to be assigned to the evidence (*see Matter of Cole v Travis,* 275 AD2d 874, 875 [2000]), we find that the Board's determination is supported by substantial evidence and, thus, it will not be disturbed (*see Matter of Courtney v New York State Div. of Parole,* 283 AD2d 707 [2001]; *Matter of Cole v Travis, supra*).

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.