■ In the Matter of KHALIYQ SELLERS, Petitioner, v TINA STANFORD, Chairwoman of the New York State Board of Parole, Respondent. [40 NYS3d 501]——

Proceeding pursuant to CPLR article 78, in effect, to review a determination of the New York State Board of Parole, dated December 19, 2013, which, after a hearing, revoked the petitioner's parole release and imposed a time assessment of 36 months.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

On January 30, 2007, the petitioner was convicted of assault in the first degree for shooting the victim in the abdomen with a shotgun during an argument. The petitioner was sentenced to a determinate term of imprisonment of eight years. In 2011, he was conditionally released from prison. On July 31, 2013, a parole warrant was issued for the petitioner, after he was charged by the New York State Board of Parole (hereinafter the Board) with having violated certain conditions of his release during an incident at a drug treatment center. After a preliminary hearing at which probable cause was found to support amended charge one and, in effect, charge two, the petitioner was subsequently charged with additional parole violations (charges three, four, and five) stemming from an incident which occurred during his detention at Rikers Island on the instant parole warrant. After a final parole revocation hearing held on all five charges, the Board determined that the petitioner had committed all of the charged violations, revoked his release, and imposed a time assessment of 36 months.

The petitioner filed an administrative appeal, and upon the Board's failure to decide the appeal, commenced this CPLR article 78 proceeding challenging the determination revoking his parole release and imposing a time assessment of 36 months (*see* 9 NYCRR 8006.4 [c]). The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Before transferring the proceeding to this Court for consideration of whether the determination was supported by substan-

tial evidence, the Supreme Court should have addressed the petitioner's contentions that the Board failed to timely hold the final revocation hearing and that the determination was rendered in violation of the petitioner's due process rights, as those objections, if established, could have terminated the proceeding (*see* CPLR 7804 [g]; *Matter of Garvey v Sullivan,* 129 AD3d 1078, 1081 [2015]; *Matter of Vaughn v Orlando,* 79 AD3d 1048, 1049 [2010]). In the interest of judicial economy, however, this Court will decide the entire proceeding on the merits (*see Matter of Garvey v Sullivan,* 129 AD3d at 1081; *Matter of Vaughn v Orlando,* 79 AD3d at 1049).

The petitioner's contentions regarding a preliminary hearing held on the initial charges are academic, in light of the determination after a final parole revocation hearing (*see People ex rel. McDaniel v Berbary,* 35 AD3d 1172 [2006]; *People ex rel. Griffin v New York State Div. of Parole,* 6 AD3d 468 [2004]; *People ex rel. Wagner v Travis,* 273 AD2d 849 [2000]; *People ex rel. Calvin J. v Bednosky,* 245 AD2d 324 [1997]; *Matter of Bonilla v Russi,* 210 AD2d 828 [1994]).

Contrary to the petitioner's contention, the Board did not err in considering charges three, four, and five at the final parole revocation hearing, as the petitioner received proper and timely notice of those charges and was aware that evidence as to those charges would be presented at the final hearing (*see People ex rel. Kinzer v Williams,* 256 AD2d 1240 [1998]; *see also Matter of Poladian v Travis,* 8 AD3d 770, 770-771 [2004]).

Contrary to the petitioner's further contention, the final parole revocation hearing was timely held. Excluding an 11-day adjournment from October 24, 2013, through November 4, 2013, which was requested by the petitioner's counsel, the final hearing, held on November 4, 2013, and November 21, 2013, was concluded within 90 days of the probable cause determination on August 15, 2013 (*see* Executive Law § 259-i [3] [f] [i]; 9 NYCRR 8005.17 [a]; *Matter of Picciano v Hammock,* 92 AD2d 1043 [1983]; *see generally People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391, 399-402 [1987]; *Matter of Hirniak v Sheriff of Dutchess County,* 174 AD2d 619, 619-621 [1991]; *People ex rel. Smith v Meloni,* 142 AD2d 959 [1988]).

To sustain a parole violation charge, the Board must find "that there is a preponderance of evidence that the alleged violator violated one or more conditions of release in an important respect" (Executive Law § 259-i [3] [f] [x]; *see* 9 NYCRR 8005.20 [b]; Executive Law § 259-i [3] [f] [viii]). Judicial review of determinations made by the Board is narrowly circumscribed (*see Matter of Huntley v Stanford,* 134

AD3d 937 [2015]). In a proceeding pursuant to CPLR article 78, this Court is limited to considering whether the Board's determination to revoke parole is supported by substantial evidence (*see* CPLR 7803 [4]; *People ex rel. Portee v New York State Div. of Parole*, 199 AD2d 561 [1993]).

Charge one, as amended, alleged that the petitioner, after being told that he could not participate in a group meeting at the drug treatment center he was attending because he persistently failed to obtain the proper paperwork for Medicaid, yelled that "[b]efore I leave I will blow up the place in the name of Allah." The Board charged the petitioner with violating the eighth condition of his parole (hereinafter rule 8), which required that he not "behave in such manner as to violate the provisions of any law to which [he was] subject which provide for penalty of imprisonment, nor [would his] behavior threaten the safety or well-being of [himself] or others."

The Board's determination that the petitioner violated rule 8 is supported by substantial evidence. The petitioner's statements conveyed an angry and verbalized threat to kill workers at the treatment center and blow up the building. The verbalized threat, in and of itself, constitutes behavior prohibited by rule 8 (*see Matter of Toomer v Warden of Adirondack Corr. Facility*, 97 AD3d 868, 868-869 [2012]). While there are cases addressing rule 8 violations which involve some measure of physical conduct on the part of the parolee (*see Matter of Riley v Alexander*, 139 AD3d 1206 [2016]; *Matter of Simpson v Alexander*, 63 AD3d 1495 [2009]), the plain language of rule 8 contains no requirement that the threatening conduct be physical in nature to qualify as a violation. As verbalized threats are a form of "behavior," no physical conduct is required to support a rule 8 violation (*see Matter of Toomer v Warden of Adirondack Corr. Facility*, 97 AD3d at 868-869). Although a rule 8 violation need not be supported by proof that the recipients of the threat subjectively felt any particular level of fear (*cf. Matter of Williams v Evans*, 129 AD3d 1408 [2015]), here, a treatment counselor testified that he feared for his safety and immediately tried calling the 911 emergency number after the threat was uttered. Although the call did not go through, the petitioner had calmed down by the time a further call would have been placed. Cases involving the right to speech, such as *Virginia v Black* (538 US 343 [2003]) and *People v Dietze* (75 NY2d 47 [1989]), are not controlling, as they do not involve alleged parole violations, and as the petitioner's rights were expressly restricted by the terms and conditions of his parole.

Charges three, four, and five alleged that the petitioner

violated rule 8 by refusing to comply with a directive of a correction officer while detained at Rikers Island and engaging in an angry outburst, during which he yelled that he was a terrorist and threatened to kill everyone at the Rikers Island Judicial Center. Testimony was presented that, as a result of the petitioner's behavior, the correction officers were required to restrain him and stop all inmate movement in the area for a period of time. Contrary to the petitioner's contention, the evidence presented provided substantial evidence to support the determination that the petitioner violated the conditions of his parole release.

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.