People, ex rel. Cassar v New York State Div. of Parole (2019 NY Slip Op 07268)





People v New York State Div. of Parole


2019 NY Slip Op 07268


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-10167
 (Index No. 1339/18)

[*1]The People of the State of New York, ex rel. Christopher J. Cassar, on behalf of Kreem Jackson, appellant,
v
New York State Division of Parole, et al., respondents.


The Cassar Law Firm, P.C., Huntington, NY (Christopher J. Cassar pro se of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark S. Grube of counsel), for respondents.



DECISION & ORDER
In a proceeding for a writ of habeas corpus, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mark D. Cohen, J.), dated March 19, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
In January 2018, the petitioner, who had been incarcerated upon his conviction, inter alia, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), was released to parole supervision. A few weeks later, the State of New York Department of Corrections and Community Supervision (hereinafter DOCCS) charged him with six violations of his parole, including charge six—possession of a controlled substance (cocaine) without proper medical authorization. After a preliminary parole revocation hearing at which the hearing officer found probable cause to support charge six, DOCCS charged the petitioner with an additional parole violation (charge seven) alleging that the petitioner made a verbal threat that he would harm his parole officer when he was released from incarceration.
Thereafter, the petitioner sought a writ of habeas corpus challenging certain aspects of the preliminary parole revocation hearing and the probable cause determination with respect to charge six. The respondents opposed the petition. In the judgment appealed from, the Supreme Court denied the petition and dismissed the proceeding. Several months later, after a final parole revocation hearing, the parole hearing officer sustained charge seven, revoked the petitioner's parole, and imposed a 15-month time assessment.
The petitioner's contentions regarding the preliminary parole revocation hearing are academic in light of the determination after the final parole revocation hearing (see Matter of Sellers v Stanford, 144 AD3d 691, 692; People ex rel. Falcon v Warden of Rikers Is. Correctional Facility, [*2]25 AD3d 500, 500).
The petitioner's contention regarding the final parole revocation determination is not properly before this Court.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court